**Opinion issued August 28, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00759-CR

————————————

**JUAN F. TREVINO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 208th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1289413**

---

## MEMORANDUM OPINION

Following a bench trial, the trial court convicted appellant, Juan Trevino, of the offense of murder and assessed punishment at 30 years of confinement. *See*

TEX. PENAL CODE ANN. §§ 19.02(b)(1), (2) (Vernon 2011). Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and that, therefore, the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying the court with references to the record and citations to legal authority. *See id.* at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel's brief and motion reflect that he has delivered a copy of the brief to appellant and informed him of his right to file a response. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Furthermore, a copy of the record has been sent to appellant for review. *See Kelly v. State*, No. PD-0702-13, 2014 WL 2865901, at *3-4 (Tex. Crim. App. June 25, 2014). Appellant has not filed a response.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether the appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005); *Mitchell*, 193 S.W.3d at 155. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] Attorney Jerome Godinich, Jr. must immediately send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Justices Higley, Bland, and Sharp.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 826–27.